ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| CARLOS GONZÁLEZ DE JESÚS C/P CARLOS GONZÁLEZ GONZÁLEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN<br><br>Recurrido | **KLRA202300470** | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: ICG-1220-2023<br><br>Sobre: Ley Núm. 85-2022 |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de octubre de 2023.

Comparece ante este foro -*in forma pauperis* y por derecho propio- el Sr. Carlos González De Jesús C/P Carlos González González (señor González o "el recurrente") y nos solicita que revisemos la *Respuesta de Reconsideración al Miembro de la Población Correccional* emitida por la División de Remedios Administrativos (DRA) del Departamento de Corrección y Rehabilitación (el Departamento o "agencia recurrida"), la cual fue expedida el 15 de agosto de 2023. Mediante esta, la DRA desestimó la solicitud, debido a que, el recurrente ha presentado en más de una ocasión el mismo planteamiento.

Por los fundamentos que se exponen a continuación, **REVOCAMOS** el dictamen administrativo recurrido.

**I.**

A raíz de la aprobación de la Ley Núm. 85-2022, el 3 de agosto de 2023, el señor González presentó una

*Solicitud de Remedio Administrativo*.[1] Mediante la cual, solicitó le aplicaran la precitada Ley y, en consecuencia, le fuera corregida su *Hoja Control Sobre Liquidación de Sentencia*.

Atendida la petición del recurrente, el 15 de agosto de 2023 el DRA emitió una *Respuesta al Miembro de la Población Correccional*,[2] en el cual establecieron lo siguiente:

> Se desestima su solicitud de remedio conforme a la:
>
> Regla XIII Inciso 5. El Evaluador tiene la facultad para desestimar las siguientes solicitudes, según el Reglamento vigente la cual dispone lo siguiente:
>
> D. Solicitud de Remedio radicada más de una vez sobre el mismo asunto por el mismo MPC.
>
> Usted radico sobre este asunto en respuesta ICG-617-2023.

Insatisfecho con la respuesta, el señor González presentó una *Solicitud de Reconsideración*.[3] Expuso que era la segunda ocasión que radicaba la solicitud, puesto que, no habían atendido la solicitud que previamente había presentado.

Después de evaluar la solicitud de reconsideración, la DRA decidió denegar la petición del recurrente, mediante la cual expuso:[4]

> Respecto a la solicitud de reconsideración, a usted se le desestimó el remedio (ICG-1220-23) por radicarla más de una vez sobre el mismo asunto. Le recomiendo que espere un término razonable, para que puedan resolverle su queja.
>
> No obstante, para conocimiento de usted con relación a la solicitud de reconsideración

---

[1] *Solicitud de Remedio Administrativo*, anejo I, pág. 1 del apéndice del recurso.
[2] *Respuesta al Miembro de la Población Correccional*, anejo II, pág. 2 del apéndice del recurso.
[3] *Solicitud de Reconsideración*, anejo III, pág. 3 del apéndice del recurso.
[4] *Repuesta de Reconsideración al Miembro de la Población Correccional*, anejo VI, págs. 7-8 del apéndice del recurso.

solicitando que le aplicaran la Ley #85. Se evaluó el caso con el personal de récord penal de la Inst. Guerrero Aguadilla sobre su caso, se examinó su liquidación de sentencia donde actualmente su mínimo de sentencia está para el 30 de agosto de 2032. Me notificaron que será trabajado, que se le aplicará dicha Ley 85, tiene que tener presente, que, si hubiera cambios en el mínimo, le beneficiaria, porque le bajaría el mínimo, espere que le llegue la reliquidación. Además, para ser referido a la junta Libertad Bajo Palabra le faltaría tiempo.

La reliquidación de sentencia le llegara con el cambio que corresponda.

Aun inconforme, el 5 de septiembre de 2023, el señor González presentó el recurso de epígrafe, mediante el cual adujo que la agencia recurrida cometió los siguientes errores:

Primer Error: Erró el DCR al no basar su determinación en evidencia sustancial, erró en la aplicación e interpretación de las leyes, que se le han encomendado administrar, lesionando así los derechos fundamentales del peticionario, al actuar así arbitraria, caprichosa, irrazonable e ilegalmente habiendo emitido respuestas carentes de base racional.

Segundo Error: Erró el DCR al ignorar que su actuación supone un grave perjuicio para el peticionario en tanto interrumpió el proceso de rehabilitación emprendido por este, proceso que constituye la meta principal del sistema penal según la carta magna.

Tercer Error: Erró el DCR al no aplicar la Ley Número 85-2022 al peticionario, máxime cuando este hizo varias gestiones previas para ello.

Luego de una evaluación preliminar del expediente, el 27 de septiembre de 2023, emitimos una *Resolución,* mediante la cual concedimos al Departamento el término dispuesto en el Reglamento de este Tribunal para que presentara su postura. Sin embargo, el 18 de octubre de 2023, volvimos a emitir una *Resolución* concediéndole hasta el 24 de octubre de 2023 para que la agencia

recurrida se expresara. Así las cosas, el 24 de octubre de 2023, el Departamento presentó *Moción en Cumplimiento de Resolución*. En síntesis, solicitó se devuelva el caso para que lo evalúen a la luz de la Carta Circular Núm. 2023-02 del 11 de octubre de 2023.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II.**

**-A-**

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 201-2003, establece que, como Tribunal de Apelaciones, estamos facultados para revisar las "decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4006(c), 4 LPRA sec. 24(y)(c). Por su parte, la Ley Núm. 38-2017, mejor conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), es el cuerpo normativo que delimita el alcance de la revisión judicial de las decisiones administrativas.

Específicamente, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, establece que la revisión administrativa ante este foro apelativo intermedio se hará respecto a órdenes o resoluciones finales, luego de que el recurrente haya agotado los remedios provistos por la agencia o el organismo administrativo correspondiente.

**-B-**

La Junta de Libertad Bajo Palabra fue creada mediante la aprobación de la Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1501 *et seq.*, está autorizada a "decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las

instituciones penales de Puerto Rico […]". Art. 3 de la Ley Núm. 118-1974, 4 LPRA sec. 1503. Dicho organismo tiene la autoridad de conceder a cualquier persona recluida en una institución correccional de Puerto Rico el privilegio de cumplir la última parte de su condena en libertad bajo palabra. *Benítez Nieves v. ELA et al.*, 202 DPR 818 (2019). Los beneficios de sentencia suspendida o libertad bajo palabra no son un derecho que pueda reclamarse, sino un privilegio legislativo cuya concesión y administración se confía al Tribunal o a la Junta de Libertad Bajo Palabra, respectivamente. *Pueblo v. Negrón Caldero*, 157 DPR 413, 420 (2002).

El Artículo 308 del Código Penal de Puerto Rico, 33 LPRA sec. 5001 *et seq.*, fue enmendado por la Ley Núm. 246-2014, y más recientemente, por la Ley Núm. 85-2022. Esta última enmienda atiende la desproporción que existía entre determinados delitos respecto a los términos aplicables para hacer referidos a la Junta de Libertad Bajo Palabra.

Específicamente, el Artículo 308 del Código Penal, *supra,* dispone:

> Toda persona convicta bajo las disposiciones de este Código podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir el setenta y cinco por ciento (75%) del término de reclusión impuesto. Este cómputo nunca excederá de quince (15) años cuando se trate de un adulto o de cinco (5) años cuando se trate de un menor sentenciado y procesado como adulto en delitos para los cuales al realizarse el cómputo jurisdiccional para cualificar ante la consideración de la Junta de Libertad Bajo Palabra este sea mayor a lo requerido para delitos con pena fija señalada en el tipo de cincuenta (50) años.

En delitos graves cuyo término de reclusión señalada en el tipo sea de cincuenta (50) años, la persona podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra al cumplir quince (15) años de su sentencia o cinco (5) años si se trata de un menor de edad procesado y sentenciado como adulto.

En caso de la persona convicta de asesinato en primer grado, un delito cuya pena sea de noventa y nueve (99) años o reincidencia habitual la persona podrá ser considerada para libertad bajo palabra por la Junta de Libertad Bajo Palabra, al cumplir veinticinco (25) años de su sentencia, o diez (10) años, si se trata de un menor de edad procesado y sentenciado como adulto. Las personas convictas al amparo del inciso (c) del Artículo 93 estarán excluidas del privilegio de libertad bajo palabra.

En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva, la persona convicta tendrá derecho a cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial. 33 LPRA sec. 5416.

De igual forma, la Sección 2 de la Ley Núm. 85-2022, enmendó el Artículo 3 de la Ley Núm. 118-1974, para que lea de la siguiente forma:

Artículo 3. – Autoridades, deberes y poderes de la Junta de Libertad Bajo Palabra tendrá la siguiente autoridad, poderes y deberes:
[…]

(6) En aquellos procesos judiciales en que se encuentre al acusado culpable por más de un delito y se le imponga una sentencia a ser cumplida de manera consecutiva, la persona convicta tendrá derecho a

cualificar para libertad bajo palabra al cumplir con el término concerniente a la pena mayor recibida por alguno de los delitos cometidos. Cuando más de uno de los delitos cometidos conlleve la misma pena, la persona convicta cualificará para el beneficio de libertad bajo palabra con el mero hecho de haber cumplido con el término de una de ellas. Lo dispuesto en este párrafo será de aplicabilidad, independientemente si la Ley en virtud de la cual resulta convicto, sea una Ley Penal Especial.

[…]

A su vez, la Sección 3 de la Ley Núm. 85-2022 establece lo siguiente:

Esta Ley aplicará de manera retroactiva, independientemente del Código Penal o Ley Penal Especial vigente al momento de los hechos delictivos, siempre y cuando resulte favorable para la persona condenada. Las cláusulas de prohibiciones absolutas de libertad bajo palabra en los delitos de leyes penales especiales no serán aplicables al caso de menores juzgados y sentenciados como adultos cuando contravengan lo aquí establecido.

Finalmente, las nuevas disposiciones de la Ley Núm. 85-2022, *supra*, prevalecerán sobre cualquier otra ley que no estuviere en armonía con lo establecido en la precitada legislación. Véase, Sección 4 de la Ley Núm. 85-2022. Además, las enmiendas promulgadas entraron en vigor inmediatamente después de su aprobación, es decir, el 11 de octubre de 2022. Véase, Sección 6 de la Ley Núm. 85-2022.

### III.

En su recurso, el señor González, esencialmente, esboza que el Departamento le ha denegado la aplicación de la Ley Núm. 85-2022. Por consiguiente, sostiene que su *Hoja Control Sobre Liquidación de Sentencia* no ha sido debidamente actualizada con las enmiendas introducidas en la precitada Ley.

En la *Exposición de Motivos* del estatuto, el legislador reconoce que ciertos delitos conllevan sanciones consecutivas cuya sumatoria llega a acumular cientos de años de cárcel. Lo anterior, en algunos casos, sin la posibilidad de libertad bajo palabra. Por lo tanto, la Ley Núm. 85-2022 se aprobó para establecer una manera justa, retributiva y rehabilitadora que le permite a aquella persona convicta por diferentes delitos ser considerada para libertad bajo palabra al cumplir con la sentencia más onerosa relacionada directamente con algunos de los delitos por los cuales fue encontrado culpable.

A su vez, dicho estatuto entró en vigor inmediatamente después de su aprobación, es decir, a partir del 11 de octubre de 2022, y de manera retroactiva.

En virtud de lo anterior, tomamos conocimiento que la *Hoja Control Sobre Liquidación de Sentencia* utilizada para evaluar al señor González tiene una fecha anterior -23 de marzo de 2021- a la vigencia de la Ley. Por consiguiente, es necesario que el caso sea devuelto a la DRA con el fin de que actualice la hoja de control y evalúe al recurrente conforme a los parámetros de la Ley Núm. 85-2022, *supra*.

Por tanto, nuestro dictamen se limita a resolver que procede devolver el caso a la DRA para que se evalúe el plan institucional del recurrente conforme a la normativa vigente.

**IV.**

Por los fundamentos antes expuestos **REVOCAMOS** la determinación impugnada y devolvemos el caso al Departamento de Corrección y Rehabilitación para que la

División de Remedios Administrativos evalúe al señor González, conforme a las disposiciones de la Ley Núm. 85-2022.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
